# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE E. ARMSTRONG,<br><br>                              Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>                             Defendant. | CASE NO. 05 CV 0999 JM (JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(B)** |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff a period of Disability Insurance Benefits and Supplemental Security Income Benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § § 416, 423. On January 11, 2006, the court issued an order denying Plaintiff's motion for summary judgment, denying Defendant's cross-motion for summary judgment, and remanding the case to the Social Security Administration for further findings. After remand, the court granted the parties' joint motion (labeled a stipulation) awarding Plaintiff's counsel, Thomas G. Roche, $4,000.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. no. 15 (Mar. 20, 2006).) Plaintiff now moves for attorneys' fees under 42 U.S.C. § 406(b).

An award of fees under § 406(b) must be reasonable. See 42 U.S.C. § 406(b)(1)(A) ("the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits"); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Plaintiff has failed to make a sufficient showing of reasonableness because her motion lacks proper

1  documentation and support.  For example, her attorney failed to file a declaration, affidavit, or other
2  admissible evidence supporting his assertion that he spent 28.64 hours on the case.  <u>See</u> <u>Gisbrecht</u>, 535
3  U.S. at 808 (court may require record of hours spent representing claimant and statement of normal
4  hourly billing rate for non-contingent fee cases).  The motion contains numerous other unsupported
5  or insufficiently-supported assertions, including the claim that $13,220.50 represents 25 percent of
6  past-due benefits she received at some unknown point after remand.

7  Accordingly, the court **DENIES** the motion without prejudice to a future showing of
8  reasonableness in a properly-supported and -documented motion for attorneys' fees under § 406(b).

9  **IT IS SO ORDERED.**

10  DATED: April 8, 2008

Hon. Jeffrey T. Miller
United States District Judge