UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE E. ARMSTRONG,<br><br>                          Plaintiff,<br>  vs.<br><br>MICHAEL J. ASTRUE,<br><br>                          Defendant. | CASE NO. 05 CV 0999 JM (JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(B)** |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff a period of Disability Insurance Benefits and Supplemental Security Income Benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416, 423. On January 11, 2006, the court issued an order denying Plaintiff's motion for summary judgment, denying Defendant's cross-motion for summary judgment, and remanding the case to the Social Security Administration for further findings. After remand, the court granted the parties' joint motion (labeled a stipulation) awarding Plaintiff's counsel, Thomas G. Roche, $4,000.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. no. 15 (Mar. 20, 2006).) On January 31, 2008, Plaintiff moved for attorneys' fees under 42 U.S.C. § 406(b). (Doc. no. 17.) The court denied the motion without prejudice for failure to support the motion with proper documentation and support. Pursuant to the court's order, Plaintiff now moves again for attorney's fees under § 406(b). Defendant opposes the motion.

1    An award of fees under § 406(b) must be reasonable. See 42 U.S.C. § 406(b)(1)(A) ("the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits"); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Plaintiff again has failed to make a sufficient showing of reasonableness because her motion lacks proper documentation and support. Specifically, she fails to submit a declaration by her attorney authenticating his itemized billing statement (see Mot., Exh. C); supporting his alleged rate of $375 per hour in non-contingent-fee cases (see id. at 5 ¶ 2);[1] and supporting his alleged legal experience (see id. at 5 ¶ 3).

Moreover, the court cannot calculate the appropriate amount of fees without additional evidence regarding the favorable ALJ decision and the alleged award of past-due benefits. The court agrees with Defendant and finds that the letter attached as Exhibit A to Plaintiff's motion is not sufficient to demonstrate that $13,220.50 represents 25 percent of past-due benefits Plaintiff actually received. Exhibit A also does not enable the court to calculate the amount of past-due benefits "that has accumulated to [Plaintiff] because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 404.1703. As Defendant states, the court requires further evidence of: (1) the favorable ALJ decision; (2) the date of Plaintiff's eligibility to receive benefits; (3) the amount of benefits Plaintiff was to receive on a monthly basis; and (4) if more than one year is involved, any change in the amount of monthly benefits per year.

Accordingly, the court **DENIES** the motion without prejudice to a future showing of reasonableness in a properly-supported and -documented motion for attorneys' fees under § 406(b). Such a motion must address the specific issues and remedy the specific deficiencies listed herein. The

//
//
//
//

---

[1] Support for the $375 non-contingent-fee rate is also necessary in light of the fact that counsel previously claimed he has no hourly rate for non-contingent-fee cases. (See Jan. 31, 2008 Mot. (Doc. no. 17) at 4).

1  court further advises Plaintiff of its inclination to deny with prejudice a motion that fails to comply
2  with this order.
3  **IT IS SO ORDERED.**
4  DATED: June 11, 2008
5
   _____
6  Hon. Jeffrey T. Miller
   United States District Judge
7  cc:        All parties